IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| GEORGIA LALE | § | |
| Plaintiff | § | |
| | § | |
| vs. | § | Civil No. 6:06-cv-00010 |
| | § | |
| COASTAL MEDICAL SERVICES OF | § | |
| TEXAS, COASTAL TRANSPORTATION | § | |
| SERVICES INCORPORATED a/k/a | § | |
| COASTAL MEDICAL SERVICE | § | |
|     Defendant | § | |

## PLAINTIFF'S FIRST AMENDED ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff GEORGIA LALE, files this amended original complaint, complaining of COASTAL MEDICAL SERVICES OF TEXAS, COASTAL TRANSPORTATION SERVICES INCORPORATED a/k/a COASTAL MEDICAL SERVICE, and ROBERT H. HENDRICK, hereinafter collectively called Defendants, and for cause of action would respectfully show the Court and jury the following:

### I. PARTIES

1.    Plaintiff GEORGIA LALE is an individual residing in Victoria County, Texas.

2.    COASTAL MEDICAL SERVICES OF TEXAS is being sued under it's assumed or common name under Federal Rules of Civil Procedure 17 (b), and is believed to be an assumed or common name of COASTAL TRANSPORTATION SERVICES INCORPORATED.

3. Defendant COASTAL TRANSPORTATION SERVICES INCORPORATED a/k/a COASTAL MEDICAL SERVICE is a private corporation, duly incorporated and existing under the laws of Texas, with its principal place of business located at 401 E. Guadalupe, Victoria, Victoria County, Texas. Defendant may be served by serving the registered agent, Robert H. Hendrick, at 401 E. Guadalupe, Victoria, Victoria County, Texas 77901. No service is necessary at this time.

4. ROBERT H. HENDRICK, is an individual residing in Victoria County, Texas, and may be served with citation at 401 E. Guadalupe, Victoria, Victoria County, Texas 77901

## II. JURISDICTION

5. This Court has jurisdiction based on 28 U.S.C. §1331 because this claim arises under the laws of the United States. Specifically, Plaintiff's claim is based on § 207(a)(1) of the Fair Labor Standards Act, 29 U.S.C.A. §§ 201 et seq..

## III. VENUE

6. Venue exists in the judicial district pursuant to 28 U.S.C. §1391. Specifically, Defendant COASTAL TRANSPORTATION SERVICES INCORPORATED a/k/a COASTAL MEDICAL SERVICE, resides in the Southern District of Texas pursuant to 28 U.S.C. § 1391 (b) because it was subject to personal jurisdiction in the Southern District of Texas at the time this action commenced.

## IV. RESPONDEAT SUPERIOR

7. At all times alleged herein, the individual Defendant was acting within the course and scope of his authority for one or more of the corporate Defendants, and had actual authority to act as alleged. In the alternative, Plaintiff would show that the individual Defendant had

apparent authority to act as alleged on behalf of the corporate defendants, or his actions and statements were ratified by the corporate defendants.

## V. STATEMENT OF THE CASE

8.      From February 2, 2004, to August 15, 2005, Plaintiff was employed by defendants COASTAL MEDICAL SERVICES OF TEXAS, COASTAL TRANSPORTATION SERVICES INCORPORATED a/k/a COASTAL MEDICAL SERVICE (herein collectively referred to as "COASTAL") as an office manager, at its office located at 401 E. Guadalupe, Victoria, Victoria County, Texas.

9.      During Plaintiff's period of employment at COASTAL, she was initially compensated by defendant COASTAL at a rate of $1,800 every two weeks and was then raised to $1,840 every two weeks. On July 25, 2005, she was changed to an hourly employee at a rate of $23.00 per hour. Plaintiff would also make an additional $10 to $20 per night for taking calls on the company cell phone after hours.

10.     From February 2, 2004, to July 25, 2005, Plaintiff worked approximately fifty (50) hours per week, and received no compensation for hours worked in excess of forty (40) hours. A copy of Plaintiff's wage and hour records is attached as Exhibit A to Plaintiff's Original Complaint and is incorporated by reference.

11.     At the time Plaintiff was made an hourly employee she was told by her employer that according to their employment attorney Plaintiff should have been an hourly employee the entire time of her employment. A copy of the payroll change notice is attached as Exhibit B to Plaintiff's Original Complaint and is incorporated by reference.

## VI.  SLANDER AND SLANDER PER SE

12. During the course of Plaintiff's employment with Defendants, Defendants wrongfully accused Plaintiff of theft of monetary funds.

13. Defendant ROBERT H. HENDRICK acting individually and on behalf of Defendants COASTAL has made false and defamatory statements to current and former employees of Defendants, Texas Workforce Commission representatives, and others concerning Plaintiff. These statements were intended to damage Plaintiff's reputation. These false statements resulted in damage to Plaintiff's reputation. As a proximate cause of the statements, Plaintiff has suffered personal as well as economic losses. In addition Plaintiff has suffered mental anguish, shame, embarrassment, and damage to her reputation resulting in slander and slander per se.

## VII.  INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

14. Defendant ROBERT H. HENDRICK acting individually and on behalf of Defendants COASTAL made statements and engaged in other conduct that was outrageous and beyond all possible bounds of decency, causing Plaintiff extreme emotional distress. Plaintiff is entitled to compensation for such distress. As a direct and proximate result of Defendants' acts and omissions alleged in this petition, Plaintiff suffered extreme and severe emotional distress that resulted in physical manifestations.

## VIII.  EXEMPLARY DAMAGES

15. All of the actions Plaintiff has complained of above were intentional, willful, wanton, and malicious, and as such Plaintiff also seeks recovery of exemplary damages in a sum far in excess of the minimum jurisdictional limits of this Court.

## IX. FAIR LABOR STANDARDS ACT

16. § 207(a)(1) of the Fair Labor Standards Act, [29 U.S.C.A. §§ 201](#) et seq., provides that no employer can employ an employee who in any work week is engaged in commerce or in

the production of goods for commerce, or is employed in any enterprise engaged in commerce or in the production of goods for commerce for a workweek longer than 40 hours unless the employee receives compensation for employment in excess of the hours specified above at a rate not less than one and one-half times the regular rate at which the employee is employed.

## X.

17. During Plaintiff's employment, Defendant COASTAL failed to pay Plaintiff for approximately 674 hours of overtime. Overtime should have been paid at 1.5 times her hourly rate or $34.50 per hour. The approximate amount of $23,278.88 is due to Plaintiff for unpaid overtime compensation. In addition, when Plaintiff took the cell phone home, Plaintiff would spend an average of approximately three (3) hours engaged in work answering phone calls, dispatching ambulances, and other tasks. Plaintiff performed these tasks on approximately 167 nights resulting in another 501 hours of unpaid overtime. Plaintiff was paid $2,795 for time spent answering the phone after hours. Plaintiff is therefore entitled to another $14,239 in unpaid overtime. Pursuant to the Fair Labor Standard Act Section 16, Plaintiff seeks to recover for her unpaid overtime compensation and in additional equal amount as liquidated damages.

## XI.

18. Plaintiff has requested that Defendant COASTAL pay the overtime compensation, but Defendant refused until July 25, 2005. The Defendant then began to pay Plaintiff overtime, but refused to compensate Plaintiff for overtime earned before July 25, 2005.

## XII.

19. As a direct and proximate result of the Defendants' wrongful, slanderous, and defamatory statements, Plaintiff has sustained significant and severe damages in the nature of severe humiliation, embarrassment, fear, frustration, and general mental anguish. In addition,

Plaintiff's reputation and standing among her community has been irreparably tarnished and the employment future for Plaintiff has been decidedly disadvantaged due to the rumors which have been circulating, initiated and caused by Defendants. The total sum of these damages all exceed the minimum jurisdictional limits of this Court.

### XIII. ATTORNEYS' FEES

20.     Plaintiff has employed an attorney, William L. Sciba, III, of Cole, Cole & Easley, P. C., 302 W. Forrest, P. O. Box 510, Victoria, Texas 77902-0510, of Victoria County, Texas to represent Plaintiff in this action and has agreed to pay reasonable and necessary attorneys' fees. Pursuant to the Fair Labor Standards Act Section 16 Plaintiff requests the Court to enter Judgment against Defendant COASTAL for reasonable and necessary attorneys' fees incurred in this matter, including but not limited to attorneys' fees for the preparation of trial of this case and all post-trial and Appellant procedures which may result therefrom.

### XIV. PRAYER

21.     By reason of the above and foregoing, Plaintiff has been damaged in a sum in excess of the minimum jurisdictional limits of this court.

22.     WHEREFORE, Plaintiff prays that the Defendants be duly cited to appear and answer herein; that upon a final trial of this cause, Plaintiff will recover:

   a.     judgment against Defendants, jointly and severally, for Plaintiff's damages as set forth above, in an amount in excess of the minimum jurisdictional limits of the Court;

   b.     interest on said judgment at the legal rate from date of judgment;

   c.     prejudgment interest as allowed by law;

   d.     liquidated damages as specified in Section 16 of the Fair Labor Standards Act;

    e.       An award of exemplary damages against Defendants in a sum determined by the trier of fact;

    f.       Reasonable attorney fees and costs of this action pursuant to Section 16 of the Fair Labor Standards Act; and

    g.       such other and further relief to which Plaintiff may be entitled.

Respectfully Submitted,

**COLE, COLE & EASLEY, P.C.**

*/s/ William L. Sciba, III*
By:_____
William L. Sciba, III
State Bar No. 00792824
Fed. ID# 19044
Attorney-in-Charge
302 West Forrest
Victoria, Texas 77902-0510
(361) 575-0551 Telephone
(361) 575-0986 Telecopier
**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

By my signature above, I certify that a copy of the above and foregoing was provided to all counsel of record, via automated Notice of Electronic Filing to Filing Users and/or certified mail and/or facsimile, in accordance with the Federal Rules of Civil Procedure, on this 23rd day of June, 2006, as follows:

    Mr. Bob D. Brown
    Law Office of Bobby D. Brown
    104 Kelly Drive, Suite D
    Victoria, Texas 77904
    *Via Automated Notice of Electronic Filing*