UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| GEORGIA LALE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. V-06-10 |
| | § | |
| COASTAL MEDICAL SERVICES | § | |
| OF TEXAS, et al., | § | |
| | § | |
| Defendants. | § | |

**ORDER**

Pending before the Court is Plaintiff's motion for leave to amend (Dkt. No. 18). After considering the motion, the response thereto, the entire record, and the applicable law, the Court is of the opinion the motion should be granted.

This civil action for, inter alia, unpaid overtime compensation under the Fair Labor Standards Act (FLSA) was filed on February 1, 2006 (Dkt. No. 1). Plaintiff's Original Complaint listed Coastal Medical Services of Texas and Coastal Transportation Services Inc. as the only defendants. Plaintiff filed an unopposed motion for leave to amend (Dkt. No. 15) on June 23, 2006, along with her First Amended Complaint (Dkt. No. 17), which became operative on July 20, 2006, the date on which the Court granted leave (Dkt. No. 20). The only substantive change to Plaintiff's First Amended Complaint was the addition of Robert H. Hendrick, who is apparently one of the owners of the two corporate defendants, as a defendant on all counts except the FLSA claim for unpaid overtime compensation.[1]  Finally, May 22, 2007, Plaintiff filed the pending

---

[1] The Court notes that Plaintiff's First Amended Complaint failed to include Hendrick in caption as required by Rule 10(a). However, the second amended complaint that becomes operative with the entry of this order appears to correct this misnomer.

motion seeking the Court's leave to file a Second Amended Complaint that attempts to add Hendrick as a defendant on the FLSA claim.

Rule 15(a) of the Federal Rules of Civil Procedure requires a trial court "to grant leave to amend 'freely,' and the language of this rule 'evinces a bias in favor of granting leave to amend.'" *Lyn-Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir. 2002) (citation omitted). A district court must possess a "substantial reason" to deny a request for leave to amend, *id.*, but "leave to amend is by no means automatic." *Halbert v. City of Sherman*, 33 F.3d 526, 529 (5th Cir. 1994) (citation omitted). In deciding whether to grant leave to amend, the district court may consider a variety of factors in exercising its discretion, including undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment. *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981).

Defendants argue that the motion for leave should be denied because of the undue delay in adding Hendrick to the FLSA claim, especially given that Plaintiff had an opportunity to do so in her first amended complaint that added Hendrick as a defendant on all counts except the FLSA claim. The Court also notes that discovery closed in this case on May 1, 2007, in anticipation of an August 2007 trial. However, since the Court granted Plaintiff's Motion for Continuance (Dkt. No. 25), which was unopposed by Defendants, the Court concludes that Defendants will not suffer undue prejudice if Plaintiff is allowed to add Hendrick to the FLSA claim. Defendants may seek leave to conduct additional discovery on the FLSA claim against Hendrick. Accordingly, the Court is of the opinion that Plaintiff's motion for leave to amend (Dkt. No. 18) should be, and

hereby is, **GRANTED**, and Plaintiff's Second Amended Complaint shall become operative as of the date of this order.

It is so **ORDERED**.

Signed this 23rd day of August, 2007.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE